**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

WILLIAM LEE SHELTON,

      Plaintiff,

      v.

MATTHEW WOLFE, et al.,

      Defendants.

CASE NO.: 6:25-cv-59

## O R D E R

Before the Court are Plaintiff William Lee Shelton's Objections to the Magistrate Judge's Report and Recommendation. (Doc. 18.) The Court has considered Plaintiff's Objections and finds them to be unconvincing. For the following reasons, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, (doc. 16), and **ADOPTS** the Report and Recommendation as the opinion of the Court. The Court **OVERRULES** Plaintiff's Objections, **DISMISSES** Plaintiff's Fourteenth Amendment due process claims and all claims against Defendants Wolfe and Ammons, and **DENIES** Plaintiff's Motion for Preliminary Injunction. (Doc. 13.)

## BACKGROUND

Plaintiff alleges in the Complaint that, while he was incarcerated at Jenkins Correctional Center in Millen, Georgia, he was a victim of "an illegal inmate labor and hazing scandal." (Doc. 1 at p. 5.) Plaintiff sought protective custody and filed a grievance when he was denied. (Id. at pp. 7, 11.) Plaintiff argues that prison administrators erred by denying his grievance. (Id. at p. 12.) Plaintiff also alleges that he was "forced to live in a cell" with an inmate who physically struck

him and otherwise abused him and was moved into a facility with an ongoing riot. (Id. at pp. 14, 26.) Plaintiff again sought protective custody, but prison administrators instead transferred him to different prisons. (Id. at p. 42.) Plaintiff alleges a claim of a Fourteenth Amendment due process violation and a separate claim of deliberate indifference in violation of the Eighth Amendment. (Id. at pp. 12, 41.)

The Magistrate Judge recommends that the Court dismiss Plaintiff's Fourteenth Amendment due process claims and all claims against Defendants Matthew Wolfe and Jennifer Ammons. (Doc. 16.) The Magistrate Judge concludes that prison administrators' decision to reject Plaintiff's grievances does not create a constitutional tort implicating the Fourteenth Amendment. (Id. at pp. 3–4.) Regarding Plaintiff's Eighth Amendment claim, the Magistrate Judge concludes that Plaintiff alleges no facts to state a claim against either Wolfe or Ammons. (Id. at pp. 4–6.) The Magistrate Judge directed service of the remainder of the Complaint. (Doc. 17.)

Shelton separately filed a Motion for Preliminary Injunction. (Doc. 13.) The Magistrate Judge recommends the Court deny the Motion, concluding that Shelton did not meet his burden to demonstrate entitlement to injunctive relief. (Doc. 16, pp. 7–8.)

**DISCUSSION**

Plaintiff objects to parts of the Magistrate Judge's Report and Recommendation, arguing specifically that his claims against Wolfe and Ammons should not be dismissed. (Doc. 18.) Regarding Defendant Wolfe, Plaintiff asserts that Wolfe is the Director of the Georgia Department of Corrections Office of Professional Standards. (Id. at p. 1.) Plaintiff argues that "had Director Wolfe or anyone employed in his office . . . found favor in either of Shelton's grievances . . . then the warden would have had to grant Shelton's request for protective custody." (Id. at pp. 1–2.) Plaintiff also argues that "Director Wolfe's office had access" to materials he feels were relevant

to his grievances (and that Plaintiff suggests Wolfe did not review).  As for Defendant Ammons, Plaintiff argues that Ammons "knew about Shelton's need for protective custody," citing emails his father allegedly sent to Ammons.  (Id. at pp. 5–6.)

Plaintiff's arguments provide no reason to reject the Magistrate Judge's analysis.  Plaintiff appears to take issue in his Objections, as he did in the Complaint, with prison administrators' decision to reject his grievance.  But, as the Magistrate Judge explains, "an inmate has no constitutional right to a grievance procedure."  (Doc. 16 at p. 3) (citing Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011)).  Therefore, Plaintiff's allegations contesting prison administrators' substantive basis for rejecting his grievances manifestly do not state a constitutional claim.

Concerning his deliberate indifference claim, Plaintiff seems to argue that, because Wolfe and Ammons knew he had requested protective custody, they therefore had personal involvement in the decision to deny protective custody.  Supervisory liability requires more than a general awareness of an underlying fact.  To hold a supervisory official liable under § 1983, a plaintiff has to demonstrate that the supervisor actually participated in the alleged constitutional violation or demonstrate a causal connection between the supervisor's actions and the alleged violation.  (Id. at p. 4) (citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Plaintiff's allegations, both in the Complaint and his Objections, provide no basis for the proposition that either Defendant Wolfe or Defendant Ammons personally participated in any allegedly unconstitutional conduct or that a causal connection exists between their actions and that same conduct.

After an independent and de novo review, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, (doc. 16), and **ADOPTS** the Report and Recommendation

as the opinion of the Court.  The Court **OVERRULES** Plaintiff's Objections, **DISMISSES** Plaintiff's Fourteenth Amendment due process claims and all claims against Defendants Wolfe and Ammons, and **DENIES** Plaintiff's Motion for Preliminary Injunction.  (Doc. 13.)  Plaintiff's Eighth Amendment failure to protect claims against Defendants Carter, Johnson, and Williams remain pending.  (Doc. 17.)

**SO ORDERED**, this 7th day of April, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA