**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| WILLIAM LEE SHELTON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN SIDNEY CARTER, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 6:25-cv-59 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed a Motion for Leave to Amend the Complaint. Doc. 27. Plaintiff seeks permission to add claims against new Defendants Tyrone Oliver and Ahmed Holt. Id. Defendants have not filed a Response. For the following reasons, I **GRANT** Plaintiff's Motion for Leave to Amend the Complaint.[1] However, I also **RECOMMEND** the Court **DISMISS** Plaintiff's newly added claims against Oliver and Holt.

## BACKGROUND

Plaintiff filed his Complaint on August 11, 2025. Doc. 1. The Court conducted a frivolity screening under 28 U.S.C. § 1915A and dismissed Plaintiff's claims against

[1] Plaintiff provided in his proposed Amended Complaint only the newly added claims against Oliver and Holt, titling them Count Three and Count Four. It appears that Plaintiff intends to add these new claims to his original Complaint, doc. 1, rather than replace the original Complaint with a new and separate pleading.

Defendants Wolfe and Ammons. Docs. 16, 24. At the time, the Court also allowed Plaintiff's claims for failure to protect against Defendants Carter, Johnson, and Williams to proceed. Id. Plaintiff now asks for permission to amend his Complaint and add claims against Commissioner Tyrone Oliver and Assistant Commissioner Ahmed Holt.

## DISCUSSION

A party may amend his pleading once as a matter of course 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Plaintiff filed the Motion to Amend on April 27, 2026. Doc. 27. Plaintiff has not amended the Complaint before, and the original Defendants (Carter, Johnson, and Williams) filed their Motion to Dismiss on April 28, 2026, the day after Plaintiff filed the Motion.[2] Doc. 29. Therefore, Plaintiff may amend his Complaint as a matter of course, and the Court has no discretion to deny the Motion. The Court **GRANTS** the Motion to Amend, doc. 27. However, any amended complaint is subject to a frivolity review. The Court proceeds to review the proposed amended complaint in accordance with 28 U.S.C. § 1915A.

### I. Plaintiff Failed to Exhaust Administrative Remedies Prior to Filing Suit

In his Amended Complaint, Plaintiff asserts two new claims. Doc. 27. Plaintiff explains that he would have asserted the claims in his original Complaint, but he had not yet fully exhausted administrative remedies at that time. ("I was at that time awaiting the GDC Central Office Grievance Appeal Response."). Id. at 2. Because

[2] I will address the Motion to Dismiss by a separate Report and Recommendation.

Plaintiff admits that he did not exhaust these claims before filing suit, Plaintiff cannot assert those claims in this action.

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions. 42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007). Requiring prisoners first utilize the prison's grievance policy before bringing suit "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before . . . the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006); Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998)).

Exhaustion is a mandatory requirement which cannot be waived by courts. Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Porter v. Nussle, 534 U.S. 516, 524 (2002). Though exhaustion is considered an affirmative defense, when the face of the pleadings clearly show the plaintiff failed to exhaust all administrative remedies, courts may dismiss the complaint sua sponte. Jones, 549 U.S. at 214–16; Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007); Malcolm v. Doe, No. 6:18-CV-24, 2018 WL 2108108, at *4 (S.D. Ga. Mar. 19, 2018); Ansell v. Crews, No. 4:13CV454, 2014

WL 3748207, at *2 (N.D. Fla. July 30, 2014); Cole v. Ellis, No. 5:10-CV-00316, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010).

If an inmate amends his Complaint, "the only facts pertinent to whether" he has satisfied the PLRA's exhaustion requirement "are those that existed when he filed his original complaint." Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (citing Harris v. Garner, 216 F.3d 970, 981 (11th Cir. 2000)). An inmate cannot bring some exhausted claims, wait for unexhausted claims to become ripe, and then add those claims by later amendment because no amendment can change the "important historical fact" that "administrative remedies where unexhausted when [Plaintiff] filed his original complaint." Id. Because Plaintiff admits he did not fully exhaust his new claims prior to filing suit, the Court must dismiss those claims.

## CONCLUSION

Based on the foregoing, I **GRANT** Plaintiff's Motion for Leave to Amend the Complaint. However, I **RECOMMEND** the Court **DISMISS** Plaintiff's newly added claims against Oliver and Holt.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C.

§ 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of October, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA